**Randy Lee MILLER, Petitioner— Appellant,**

v.

**Cal A. TERHUNE, Respondent— Appellee.**

No. 01–16740.

D.C. No. CV–98–05220–OWW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Oct. 21, 2002.

---

\* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

Before D.W. NELSON, HAWKINS and WARDLAW, Circuit Judges.

## MEMORANDUM *

Randy Lee Miller appeals the district court's denial of his petition for a writ of habeas corpus. Miller was convicted in California state court of stealing a car and evading police and was sentenced under the Three Strikes statute. He claims that he was denied due process because his trial judge had been his public defender on a predicate matter twenty years earlier, and he claims ineffective assistance of counsel due to his attorney's failure to have the judge recused. Because Miller failed to demonstrate that the state courts' application of federal law or interpretation of the facts before them was unreasonable, and because Miller failed to show that his counsel lacked reasonable professional judgment and that his counsel's inaction prejudiced him, we affirm the district court's denial of Miller's habeas petition.

Our consideration of Miller's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted by Congress on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court may grant a habeas petition for a claim heard by the state court on its merits only if the state court's decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law ... or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Miller fails to demonstrate that the California state courts applied federal law or interpreted the facts before them unreasonably; nor does he show that the state courts' denials of his petition for review were contrary to federal law. While Judge Stone should have recused himself under California law, *see* Cal.Civ.Proc. Code § 170.1(a), and we remain mystified

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by his failure to follow that prudent course, this alone does not establish a deprivation of Miller's due process right to trial by an impartial judge. As the Supreme Court noted in *Aetna Life Ins. Co. v. Lavoie,* "[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level." 475 U.S. 813, 820, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (quoting *FTC v. Cement Institute,* 333 U.S. 683, 702, 68 S.Ct. 793, 92 L.Ed. 1010 (1948)). The federal courts may only intervene in state judicial process to correct wrongs of a constitutional dimension. *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Wainwright v. Goode,* 464 U.S. 78, 86, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983).

■ Miller argues that Judge Stone was biased by his prior representation of Miller; however, he fails to present any facts that would support a finding of actual bias or create the inference of unconstitutional bias. The present situation is unlike any in which the Supreme Court has implied unconstitutional bias. *See Aetna,* 475 U.S. 824, 106 S.Ct. 1580 (calling for recusal where state supreme court justice's interest was "direct, personal, substantial, [and] pecuniary"); *In re Murchison,* 349 U.S. 133, 138, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (finding bias where judge acting as one-man grand jury in secret hearings charged two witnesses with contempt and then presided over witnesses' contempt hearings); *Taylor v. Hayes,* 418 U.S. 488, 501–03, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974) (finding bias where judge was subject to litigant's direct personal insults). Nor does Miller put forth any facts to overcome the presumption that Judge Stone was impartial. *See Liteky v. United States,* 510 U.S. 540, 556 n. 3, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding that "when intrajudicial behavior is at issue, manifestations of animosity must be much more than subtle to establish bias"); *id.* at 562, 114 S.Ct. 1147 (Kennedy, J., concurring) (recognizing that the "conscientious judge will, as far as possible, make himself aware of his biases . . . and, by that very self-knowledge, nullify their effect"). Miller contends that Judge Stone's sentencing should in itself constitute evidence of bias; however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147. Given Miller's failure to put forth facts establishing unconstitutional bias, we cannot find that the state courts applied federal law or interpreted the facts before them in an unreasonable fashion.

■ Miller's lack of a factual showing also defeats his ineffective assistance of counsel claim. The Supreme Court established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that to show ineffective assistance of counsel, "[a] convicted defendant . . . must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" and must "affirmatively show prejudice," demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690, 694, 104 S.Ct. 2052. Miller failed to show that his counsel's failure to challenge Judge Stone was a result of deficient performance or resulted in prejudice. Therefore, Miller has not shown that his counsel's failure to challenge the judge was so unreasonable as to constitute ineffective assistance under *Strickland.*

For the foregoing reasons, the district court's denial of Miller's habeas petition is

AFFIRMED.